NOT DESIGNATED FOR PUBLICATION

No. 129,631

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TODD ALAN LOHNESS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; BRETT WATSON, judge. Submitted without oral argument. Opinion filed May 15, 2026. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before COBLE, P.J., HURST, J., and PAULA HOFAKER, District Judge, assigned.

PER CURIAM: Todd Alan Lohness appeals the revocation of his probation and the imposition of his underlying sentence. We granted Lohness' motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). The State did not object to summary disposition. Following review, we affirm the district court's ruling.

In April 2022, the State charged Lohness with attempted possession of a narcotic drug, a drug severity level 5 felony, and possession of drug paraphernalia, a class B nonperson misdemeanor. Pursuant to the plea agreement negotiated between the State

1

and Lohness, the State dismissed the drug paraphernalia charge and Lohness pled guilty to the attempted possession charge.

At the sentencing hearing in July 2024, the State and Lohness agreed to recommend 12 months' probation and an underlying sentence of 14 months' imprisonment. The district court accepted the sentencing recommendation and sentenced Lohness to 14 months' imprisonment, suspended the sentence, and placed him on 12 months of probation. The district court set various probation conditions for Lohness, including: (1) Lohness must make monthly payments to cover court fees, which could also be satisfied through community service; (2) Lohness not possess or consume any alcoholic beverages nor frequent places where alcoholic products were sold; and, (3) Lohness submit to a drug, alcohol, and mental health evaluation, in addition to any resulting recommended treatment.

The State subsequently moved to revoke Lohness' probation. At the November 2024 probation revocation hearing, Lohness admitted that he failed to report to the probation office, that he failed to attend his recommended drug treatment, that he failed to both secure employment and make monthly payments toward court fees, and that he failed to remain drug free.

Per the parties' recommendation, the district court sentenced Lohness to a three-day jail sanction. During the probation revocation hearing, Lohness also acknowledged that he would likely not be granted the same probation reinstatement if he were to violate the conditions of his probation again.

In December 2024, the State once again moved to revoke Lohness' probation. On August 22, 2025, the district court held a second probation revocation hearing. Lohness stipulated to three of the State's four probation violation allegations: (1) he had failed to report to the probation office; (2) he had failed to attend his drug treatment; and (3) he

had failed to remain drug free. The fourth allegation—which Lohness did not stipulate to—alleged he had committed a new crime, and testimony was presented to support the allegation. Ultimately, the district court found Lohness had violated the conditions of his probation. The district court revoked probation and imposed Lohness's 14-month underlying prison sentence. Lohness appealed.

Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. 315 Kan. at 328.

On appeal, Lohness does not argue the district court made an error of fact or an error of law. Instead, he argues the district court erred by unreasonably revoking his probation. Lohness contends that his struggle with drug addiction would be better treated outside of prison, making the reimposition of his probation the more appropriate remedy. However, he also concedes the district court held legal authority and rationale to revoke his probation due to the probation violations.

A reasonable person could agree that imposition of Lohness' underlying prison sentence was appropriate. Lohness repeatedly violated the conditions of his probation by failing to report, failing to attend drug treatment, and failing to remain drug-free. The district court did not abuse its discretion when it revoked Lohness' probation and imposed his underlying sentence.

Affirmed.